IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONNA CLOUD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-2733-L |
| | § | |
| JO ANNE B. BARNHART, Commissioner | § | |
| of the Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a social security case.  Plaintiff Donna Cloud ("Plaintiff" or "Cloud") filed this action seeking judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income ("SSI") benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et. seq.*  Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the case was referred to United States Magistrate Judge Paul D. Stickney for review and submission of proposed findings of fact and recommendation for disposition.  On July 31, 2006, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (the "Report") were filed, to which both Plaintiff and Defendant timely objected.

After an independent review of the pleadings, file, record, applicable law, the magistrate judge's findings and conclusions, and consideration of Plaintiff's Objections and Defendant's Objections, the court determines that the magistrate judge's findings and conclusions are correct, and hereby **accepts** them as those of the court.

I.      **Factual and Procedural Background**

On December 20, 1999, Cloud filed an application for SSI benefits, claiming she was disabled due to fibromyalgia, myositis, and temporomandibular joint dysfunction ("TMJ"), and alleging an onset date of September 13, 1996.   Her application was denied initially and upon reconsideration.  On August 16, 2001, Administrative Law Judge Randolph D. Mason (the "ALJ") held a hearing on Cloud's application.  He issued an unfavorable decision on August 31, 2001. Although the ALJ found that Plaintiff's fibromyalgia, myositis and TMJ were technically severe impairments under Social Security Ruling 96-3 (*see* Tr. at 15), he concluded that the severity of the pain and functional limitations were not reasonably supported by the "objective medical evidence," and that "objective medical evidence" failed to establish that Plaintiff's impairment met or exceeded any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.*  He further found that the severity of her pain and functional limitations alleged were not reasonably supported by the "objective medical evidence."   Based on these findings, he concluded that Cloud was not disabled since she retained the "residual functional capacity" ("RFC") to perform her past relevant work in data entry and as a sales clerk.  *Id.* at 14-18.   In reaching his conclusions, the ALJ rejected the assessment of Plaintiff's primary physician, Dr. Robert Miller, stating that "neither Dr. Miller's notes nor any other treating doctor's notes show any objective findings to support" Dr. Miller's August 3, 2001 RFC assessment of total disability.  *Id.* at 17.  The ALJ further found Dr. Miller's RFC opinion to conflict with his treating notes and, therefore, to be inconsistent with other substantial evidence in the case record.  *Id.* at 18.  Cloud filed a timely request for review of this decision. The Appeals Council denied her request on April 25, 2003.  The ALJ's decision, therefore, became the final decision of the Commissioner.

A.     *Cloud I*

Plaintiff appealed the Commissioner's final decision to the District Court for the Northern District of Texas.   The Honorable Barbara M.G. Lynn, on February 23, 2004, issued an order accepting the magistrate judge's findings and recommendation (to which neither party had objected), reversing the final decision of the Commissioner and remanding the Commissioner's decision for further proceedings consistent with the magistrate judge's findings and recommendations.   *See* Judgment, *Cloud v. Barnhart*, No. 3:03-CV-1397-M (N.D. Tex. Feb. 23, 2004) ("*Cloud I*").   In a nutshell, the magistrate judge had found that the ALJ could not insist on "objective medical evidence to support Plaintiff's subjective complaints" since this creates an "impossible burden for a claimant who suffers from a disease with no objective manifestations other than pain."   Tr. at 444.   Instead, in the absence of objective medical evidence, the ALJ should have investigated "all avenues presented that relate to subjective complaints" as required by Social Security Regulation 88-13, which he did not do.   *Id.* at 443.

Following remand, the same ALJ held another hearing on September 29, 2004.   On October 29, 2004, the ALJ made an unfavorable decision.   When evaluating Plaintiff's subjective complaints, the ALJ found that the "credible medical evidence" did not support the pain and functional limitations alleged.   He stated that he evaluated Plaintiff's "subjective complaints in compliance with . . . 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p" and he listed the factors therein. *Id.* at 392.   He further found that the "medical evidence" as opposed to the "objective medical evidence" did not "support her allegations of being precluded from all levels of work activity."   *Id.* at 393.   The ALJ again found that Plaintiff retained the RFC for light work with the additional restriction of requiring the lower end of detailed instructions.   He further found that this level of

restriction would not preclude performance of Plaintiff's past work as a sales clerk and date entry clerk. *Id.* at 390-94.

### B.      *Cloud II*

On December 28, 2004, Plaintiff appealed the Commissioner's second decision to deny her disability benefits to this court, seeking judicial review for the second time under 42 U.S.C. § 405(g).   In her complaint, Plaintiff claims that the ALJ's October 29, 2004 decision was not supported by substantial evidence and was contrary to law.   In her motion for summary judgment, Plaintiff argues that the ALJ erred in finding her not disabled, as substantial evidence does not support the Commissioner's determination of Plaintiff's RFC, credibility, or ability to perform past relevant work.   Plaintiff raised two arguments in support of her claim that substantial evidence does not support the Commissioner's RFC determination that she can perform her past relevant work. First, she argued that the ALJ incorrectly required objective test results to diagnose Plaintiff's fibromyalgia, notwithstanding Judge Lynn's February 23, 2004 judgment reversing and remanding the Commissioner's final decision on just this issue.   Plaintiff claims this error caused the ALJ to wrongly reject Dr. Miller's RFC assessment as "not well supported." *See* Pl. MSJ Brief at 8-9.   She also contends that substantial evidence does not support the ALJ's RFC determination as the ALJ failed to evaluate a medical source opinion from Dr. Miller submitted for the second hearing before the ALJ.   Plaintiff asked the court to reverse and award benefits rather than remand.

## II.      Analysis

### A.      Legal Standard

Judicial review in a social security case is limited to a determination of whether the ALJ's decision to deny benefits is: (1) supported by substantial evidence and (2) whether the proper legal standard was applied. *Austin v. Shalala*, 994 F.2d 1170, 1147 (5th Cir. 1993).   Substantial evidence

is defined as relevant evidence that a reasonable mind would accept as sufficient to support a conclusion. *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th 1994)(citing *Richardson v. Perales,* 402 U.S. 389, 401 (1977)).  It is more then a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401; *Haywood v. Sullivan,* 888 F.2d 1463, 1466 (5th Cir. 1989).  The district court may not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  The court must scrutinize the record, however, to ascertain whether substantial evidence supports the Commissioner's findings. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).  A finding of no substantial evidence is appropriate only when there is no medical evidence or credible evidentiary choices in the record to support the Commissioner's decision. *Johnson*, 864 F.2d at 343-44; *Gutierrez v. Barnhart*, 2005 WL 1994289 at *7 (5th Cir. Aug. 19, 2005).   If the findings are supported by substantial evidence, "they are conclusive and must be affirmed."  42 U.S.C. § 405(g).

A disabled worker is entitled to monthly benefits under the Social Security Act if certain conditions are met.  42 U.S.C. §423(a).  The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of twelve months. *Id.* § 423(d)(1)(A); *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir. 1985).

The Commissioner has promulgated a five-step sequential process to be used by hearing officers in disability cases. *See* 20 C.F.R. § 404.1520(b)-(f); *Wren v. Sullivan,* 925 F.2d 123, 125 (5th Cir. 1991). The hearing officer is required to ascertain: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant has an impairment that "meets or equals a listed impairment in Appendix 1" of the regulations; (4) if the claimant has a "severe impairment" under the regulations, whether the

claimant can perform his past work despite any limitations; and (5) if the claimant does not have the residual functional capacity[*] to perform past work, whether the claimant can perform any other gainful and substantial work in the economy, considering his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520(b)-(f). In the first four steps of the evaluation process, the claimant bears the burden of proving disability. *Bowen v. Yuckert,* 482 U.S. 137, 146 (1987). The burden then shifts to the Commissioner at the fifth step to show that the claimant is capable of performing work in the national economy. *Id.* If the Commissioner meets this burden, the claimant must then prove that he cannot in fact perform the work suggested. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

**B.      The Magistrate Judge's Report in *Cloud II***

After considering Plaintiff's motion for summary judgment, Defendant's response and Plaintiff's reply, the magistrate judge issued his Report on July 31, 2006. He found that the ALJ did not err by declining to grant controlling weight to Dr. Miller's assessment, that the ALJ's decision should not be reversed due to the ALJ's omission of a specific discussion of a specific source opinion from Dr. Miller, and that substantial evidence supported the ALJ's unfavorable credibility assessment. *See* Report at 19, 23, 27, 29. He recommended that the court affirm this portion of the Commissioner's final decision.

---

[*]"Residual functional capacity" or "RFC" refers to the claimant's ability to do work despite any physical or mental impairments. 20 C.F.R. § 404.1545(a). The ALJ is responsible for assessing and determining residual functional capacity at the administrative hearing level. *Id.* § 404.1546. "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p. The assessment should be based on all the relevant evidence in the case record, including opinions submitted by treating physicians or other acceptable medical sources. 20 C.F.R. § 404.1545; SSR 96-8p.

**Memorandum Opinion and Order – Page 6**

In analyzing whether substantial evidence supported the Commissioner's determination that Plaintiff can perform her past relevant work and is, therefore, not disabled, the magistrate judge found, however, that "[t]he court cannot rule on this issue as the ALJ must further clarify Plaintiff's RFC assessment on remand." *Id.* at 28.  Specifically, the magistrate judge found that the ALJ incorrectly evaluated the treating doctor's opinion by assigning it no weight without any mention of the factors set forth in 20 C.F.R. § 404.1527(d), and by failing to address how each of these factors affected his decision to "not adopt" Dr. Miller's opinion.  Accordingly, citing Fifth Circuit authority, the magistrate judge recommended that the case be remanded.  *Id.* at 21-22 (and cases cited therein).

Section 404.1527(d) requires the ALJ to consider specific factors "to assess the weight to be given to the opinion of a treating physician when the ALJ determines that [the opinion] is not entitled to 'controlling weight.'"  *Id.* at 21 (quoting *Newton v. Apfel*, 209 F.3d 448, 456 (5ᵗʰ Cir. 1994) (in turn quoting  20 C.F.R. § 404.1527(d)(2)).   As set forth by the magistrate judge:

> [E]ven if a treating source's opinion is not given controlling weight, it may still be entitled to deference and adopted by the ALJ.  SSR 96-2p at 1.  "The opinions may be assigned little or no weight when good cause is shown."  *Newton*, 209 F.3d at 455.  "The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Id.*  The Social Security Regulations require an ALJ to give "good reason" for the weight assigned to a treating physician's opinion.   20 C.F.R. § 404.1527(d)(2).  Section 404.1527(d)(2) requires the ALJ to consider specific factors "to assess the weight to be given to the opinion of a treating physician when the ALJ determines that [the opinion] is not entitled to 'controlling weight.'"  *Newton*, 209 F.3d at 456.  The factors that an ALJ should consider when determining what weight to assign to a treating physician's opinion include: (1) the physician's length of treatment; (2) the physician's frequency of examination; (3) the nature and extent of the treatment of the relationship; (4) the support of the physician's opinion afforded by the medical evidence of the record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician.  20 C.F.R. §

404.1527(d).  "An ALJ is required to *consider each of the §
404.1527(d) factors* before declining to give any weight" to a treating
specialist's opinion.  *Newton*, 209 F.3d at 456.  (emphasis added.)

In this case, the ALJ did not conduct any type of analysis in
reaching his conclusion to assign no weight to Dr. Miller's opinion.
The ALJ does not mention any of the factors listed in 20 C.F.R. §
404.1527(d), nor does he address how each of these factors affected
his decision to "not adopt" Dr. Miller's opinion, as the Fifth Circuit
in *Newton,* 209 F.3d 448, specifically mandates.  *Id.* at 456.  ***The
Court finds the ALJ erred by not considering and discussing each
of the factors and giving "good reason" for his decision to reject
Dr. Miller's opinion after declining to assign it controlling weight.
Dr. Miller's opinion may still be entitled to deference and effect the
ALJ's determination of Plaintiff's RFC.  The Court concludes the
case should be remanded with instructions for the ALJ to
specifically address each 404.1527(d) factor and to explain how it
affects his decision of what weight to assign Dr. Miller's RFC
assessment.***

*See* Report at 21-22 (emphasis added).

### C.     Parties' Objections

Plaintiff's objections to the magistrate judge's Report are the same as the arguments she

made in her motion for summary judgment and reply brief.  Specifically, she argues the ALJ's

decision to not give controlling weight to the opinion of Dr. Miller is not supported by substantial

evidence, and that the magistrate judge erred in finding otherwise.   She also contends that rather

than remanding, the court should reverse the Commissioner's final decision and award benefits,

hinting that Plaintiff could not receive a fair trial if this case were remanded to the same ALJ who

already issued two adverse decisions and violated the Commissioner's own regulations twice.  After

an independent review of the pleadings, file, record, applicable law, the magistrate judge's findings

and conclusions, and consideration of Plaintiff's Objections, the court **overrules** Plaintiff's first

objection for the same reasons as those ably articulated by the magistrate judge in his Report.  *See*

Report at 14-20, 28-30.

**Memorandum Opinion and Order – Page 8**

A finding of no substantial evidence is appropriate only when there is no medical evidence or credible evidentiary choices in the record to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988); *Gutierrez*, 2005 WL 1994289 at *7. As set forth above, substantial evidence is defined as relevant evidence that a reasonable mind would accept as sufficient to support a conclusion. *Greenspan*, 38 F.3d at 236. It is more then a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401; *Haywood*, 888 F.2d at 1466. For the reasons set forth by the magistrate judge, such is not the case here. *See* Report at 14-20, 28-30. Further, the court **overrules** Plaintiff's second objection. The posture of this case is not such that the agency would have no choice but to award benefits. The ALJ's decision and reasoning on remand and on what weight to give Dr. Miller's opinion "could have a significant impact on the determination of Plaintiff's RFC." *See* Report at 29. Accordingly, the court cannot reverse and render.

The Commissioner objects to the magistrate judge's finding and recommendation that the ALJ's failure to consider the factors set forth in 20 C.F.R. § 404.1527(d) mandates reversal and remand. The Commissioner contends that *Newton*'s requirements that the ALJ consider the section 404.1527(d) factors does not apply in this case because Dr. Miller is a family practitioner rather than a treating specialist. *See* Comm'r Obj. at 4. The court **overrules** this objection. *Newton* cannot be read so narrowly. While it is true that *Newton* involved a treating specialist, *Newton* in no way limited the reach of 20 C.F.R. § 404.1527(d) factors, or the requirement under Section 404.1527(d)(2) that the ALJ consider these specific factors "to assess the weight to be given to the opinion of a *treating physician* when the ALJ determines that [the opinion] is not entitled to 'controlling weight.'" *Newton*, 209 F.3d at 456 (emphasis added). The Commissioner also contends that because of the presence of competing first-hand medical evidence supporting the ALJ's findings, reversal and remand is not warranted. The court **overrules** this objection. While it is true

that the ALJ need not consider each of the Section 404.1527(d) factors where "there is competing first -hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another[,] (*see Ward v. Barnhart*, 2006 WL 2167675, *2 (5th Cir. Aug. 2, 2006)), after carefully reviewing the ALJ's October 29, 2004 decision (*see* Tr. at 390-394A), the court determines that the ALJ did not set forth competing first-hand medical evidence or find as a factual matter that any doctor's opinion was more well-founded than another.  Thus, *Ward* does not apply in this case.

III.    **Conclusion**

For the reasons herein stated, the court **overrules** Plaintiff's objections and Defendant's Objections to the Findings, Conclusions and Recommendations of the Magistrate Judge.  The court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  Accordingly, the court **affirms in part and vacates and remands in part** the final decision of the Commissioner denying disability benefits.    The court **affirms** the Commissioner's final decision insofar as the ALJ: (i) did not require objective test results to diagnose Plaintiff's fibromyalgia; (ii) rejected Dr. Robert Miller's RFC because it was "inconsistent with other substantial evidence," not because it lacked support from objective medical tests; (iii) was not required to specifically evaluate Dr. Miller's third source opinion; and (iv) did not dismiss Plaintiff's subjective complaints of pain by relying on an objective standard that she could not meet. The court **vacates and remands** the Commissioner's final decision insofar as he decided to give no weight to treating physician Dr. Robert Miller's opinion without first considering the factors

outlined in 20 C.F.R. § 404.1527(d).  On remand, the court instructs the Commissioner to explicitly

address the Section 20 C.F.R. § 404.1527(d) factors, as required by law.

**It is so ordered** this 31st day of August, 2006.

Sam A. Lindsay
United States District Judge